IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

MARY BERNICE MILLER,

        Plaintiff,

v.                                Civil Action No. 2:04-cv-00918

JOHN Q. HAMMONS HOTELS, L.P.,

        Defendant.

MEMORANDUM OPINION AND ORDER

    The court conducted a hearing on April 28, 2005 and addressed Defendant's Motion to Compel and its supporting memorandum (docket ## 44, 45), Plaintiff's Response to Motion to Compel (docket # 48), and Defendant's Reply (docket # 54.) By request of the parties, the court also entertained Plaintiff's Motion to Compel (docket # 49). Counsel for Defendant were present by telephone and in person. Counsel for Plaintiff was present in person and was joined mid-way through the hearing by Plaintiff, Mary Bernice Miller.

    In her Amended Complaint, Plaintiff alleges that John Q. Hammons Hotels, L.P. (specifically the Embassy Suites in Charleston, West Virginia) discriminated against her on the basis of race, gender, age, and disability. During discovery, Defendant requested that Plaintiff sign various authorizations for the release of her medical records, Social Security records, Worker's Compensation records, employment records, and the like. Defendant

attempted to secure these through informal requests to Plaintiff's counsel rather than by formal discovery requests. The authorizations were not provided, which prompted the April 4, 2005 Motion to Compel, filed sixteen days before the discovery deadline of April 20, 2005. Plaintiff's Motion to Compel was filed on April 20, 2005.

Defendant's Motion seeks an order directing Plaintiff to execute the authorizations, appear for a second deposition to answer questions pertaining to the records following Defendant's counsel's review of same, and to pay its costs and fees.

In response, Plaintiff argues that the requests call for irrelevant material, and asserts that Defendant's Motion to Compel was untimely in that it was not filed within 30 days of Plaintiff's discovery responses. At the hearing, Plaintiff further argued that she need not sign the authorizations in that they were never the subject of a formal discovery request.

The court noted the deficiencies of both parties in the discovery process, all of which contributed to the situation at hand. For example, some interrogatories were not fully and fairly answered, and Plaintiff's answers were not verified. Privileges were invoked by both parties, but no privilege log was prepared. Boilerplate objections were lodged, and then answers were given. The court noted that the Federal Rules of Civil Procedure are intended to achieve "the just, speedy, and inexpensive

2

determination" of the action. Fed. R. Civ. P. 1. In this case, the discovery period is closed, but important and relevant documents remain outstanding for both parties. In discussing solutions, the parties agreed that discovery could be quickly completed under the direction of this court, without disturbing the dispositive motion deadline of May 13, 2005 as ordered by the Honorable John T. Copenhaver, Jr.

The court finds that the authorizations permitting release of Plaintiff's medical, psychological, and employment information are reasonably calculated to lead to discoverable information in that Plaintiff has placed her physical and mental condition and her employability in issue. While no formal discovery request was made, Defendant made multiple informal requests to Plaintiff's counsel. The court encourages attorneys to work cooperatively, and notes that it is quite ordinary for a plaintiff's counsel to provide appropriate releases and authorizations promptly upon request when the plaintiff's mental or physical condition is in issue. In this case, Plaintiff did not directly refuse the requests and, at points, avoided the inquiries. In light of this, the court finds it appropriate to direct Plaintiff to sign appropriate releases and authorizations.

Plaintiff entered the courtroom at the close of this discussion. The court summarized the discussion for her and instructed Plaintiff to sign the authorizations, which she agreed

to do.  The parties agreed that the authorizations would be signed by the close of business on the hearing date, April 28, 2005. These authorizations should provide Defendant access to records from Larry Casto, CAMC, Sally Sowell, West Virginia Health Right, Prestera Center, Sojourner's and Special Touch Nursing.[1]  Plaintiff shall also sign authorizations for her employment records, Worker's Compensation records, and WVDHHR records.

Accordingly, it is hereby **ORDERED** that Defendant's Motion to Compel is granted with respect to the signing of the authorizations, and denied without prejudice as to the request for an additional deposition of Plaintiff; this request may be renewed if need arises.  The request for attorney's fees is denied.

Plaintiff's Motion to Compel (docket # 49) made three requests: more complete responses to Plaintiff's written discovery (Interrogatories numbers 3, 4, 10 and 14, and Plaintiff's Request for Production numbers 2, 4, 5, 7, 8, 16 and 31), including resolution of a dispute over the suitable location for the deposition of hotel employee Debbie Kelly; a CD copy containing the electronic form of a certain memo authored by Debbie Kelly attached as <u>Exhibit 4</u> to the Memorandum; and an award of costs and fees associated with bringing the motion.

---

[1] It was represented that Defendant has obtained records from the Social Security Administration, and is no longer seeking releases for Holzer Clinic or Dr. Wallace; hence, requests for those authorizations are moot.

4

The court first considered the debate over the location of Debbie Kelly's deposition. Plaintiff sought to take the deposition at the hotel, in order that Ms. Kelly could have ready access to any information contained in files or on computers as needed during questioning. Defendant objected to this location, stating that a deposition at the hotel during daytime hours would disrupt its business. It is hereby **ORDERED** that the deposition shall take place at the offices of Defendant's local counsel, Steptoe & Johnson. It is further **ORDERED** that before the close of business on Friday, April 29, 2005, Defendant shall produce the requested electronic documentation on CD to Plaintiff's counsel, such that counsel may have time to review it in advance of the deposition. It is further **ORDERED** that deponent Debbie Kelly shall bring with her to the deposition all materials she may need to review in response to questioning.

The court then addressed each discovery response raised in Plaintiff's Motion. With respect to Defendant's response to Plaintiff's Interrogatory # 3, the court considered Defendant's suggestions of limiting the scope of that request and requiring a Protective Order. The court **ORDERS** that the request shall be limited to information relating to other discrimination charges or complaints made against this particular Charleston hotel since it opened, and that Plaintiff shall agree to a protective order protecting the confidentiality and privacy of this and similar

5

information, the terms of the protective order having been outlined by the court. Should there be any problem between the parties in agreeing upon a protective order, the parties are instructed to contact the court immediately.

Turning to Interrogatory # 4, the court finds that the request for information concerning all other lawsuits by or against Defendant is overbroad. The court **ORDERS** that this request shall be narrowed to include only fair employment practice charges and lawsuits, and only those against the subject Charleston hotel since its opening, rather than suits concerning hotels across the country. Plaintiff has not alleged a pattern or practice of discrimination among these hotels; therefore, such outside information is irrelevant and unduly burdensome upon Defendant.

Interrogatory # 10 sought the total cost to Defendant as an employer of Plaintiff as of July, 2002 on weekly, monthly, and annual bases, as well as per pay period. At the hearing, "total cost" was defined. The court finds the amended request to be reasonable and **ORDERS** that Defendant shall answer it.

The court reviewed Interrogatory # 14 and finds the Defendant's response thereto satisfactory; Plaintiff's request for further information is **DENIED**.

Requests for Production ## 2 and 4 sought copies of daytimers, schedules, calendars of Defendant's local hotel employees from January 1, 2002 through the present time. The court finds this

request overbroad in that it seeks information from all employees, regardless of their knowledge or connection to this lawsuit. However, the court **ORDERS** that Debbie Kelly is to bring any such daytimer, calendar, or schedule or business diary relevant to the time period of April, 2002 through the end of 2002 with her to her deposition. Counsel may review and copy these at the deposition, if needed.

The court finds Request for Production # 5 overbroad. Defendant is **ORDERED** to identify any claims filed with the Equal Employment Opportunity Commission ("EEOC") against the local Charleston hotel since it opened, but need not produce documents in connection with any such charges, nor provide that information for hotels across the country. Again, Plaintiff has not alleged a country-wide pattern or practice of such discrimination; therefore, a country-wide request is overbroad and unduly burdensome.

The court finds Request for Production # 7 likewise overbroad. Defendant is instructed to provide the style, jurisdiction, and case number for all such cases against the local Charleston hotel since its opening, but need not provide any other information.

The court finds that Request for Production # 8 is overbroad and **DENIES** Plaintiff's request for such information.

The court finds that Request for Production # 16 is overbroad and Defendant need not provide copies of charges filed against it with the WVHRC, EEOC or any other state fair employment practices

commission. This information is readily available to Plaintiff independently via public access. Defendant is **ORDERED** to simply identify such charges and suits in a manner that will allow Plaintiff to independently obtain that information. Again, this response shall be limited to the local Charleston hotel from its opening to the present time.

Plaintiff's request for further information in response to Request for Production # 31 is **DENIED**. Plaintiff's request for attorney's fees and costs (# 49-3) is **DENIED**.

The court entertained issues raised in open court concerning the deposition of former hotel employee Jay Johnson, as well as discovery surrounding three witnesses disclosed by Defendant on the date of the discovery deadline. The court **ORDERS** that the deposition of former hotel employee Jay Johnson shall take place before the close of business on May 11; and that Plaintiff may choose the medium of deposition, such as telephone or videoconference. In order to facilitate the deposition, counsel for Plaintiff is instructed to send Mr. Johnson and Defendant's counsel advance copies of any documents to be referenced in the deposition.

With respect to the three witnesses Plaintiff disclosed on the final day of discovery, the following information was obtained from Plaintiff's counsel upon questioning by the court: witness Ruth Davis was a hotel employee who worked in the laundry department,

who would be aware of any job openings in that department; Priscilla Martin was likewise a laundry worker, but the number Plaintiff had for Ms. Martin was no longer in service; Mary Williams was a housekeeping employee, and her phone number was disclosed on the record in open court.

Plaintiff requested that counsel be provided with copies of the materials Defendant obtained from the Social Security Administration. Defendant agreed to send hard copies of such papers.

In accordance with the above, Defendant's Motion to Compel is **GRANTED IN PART AND DENIED IN PART**, and Plaintiff's Motion to Compel is **GRANTED IN PART AND DENIED IN PART** as set forth in this Memorandum Opinion and Order. The dispositive motions deadline set by the Scheduling Order shall remain intact. The parties shall bear their own costs and attorney's fees.

The Clerk is instructed to transmit of this written opinion and order to all counsel of record.

**ENTER** this 2d day of May, 2005.

Mary E. Stanley
United States Magistrate Judge